J. B. RYER, SON & CO. v. UNITED STATES.

(Circuit Court, S. D. New York. December 22, 1903.)

No. 3,333.

1. Customs Duties—Classification—Articles Made from Pile Fabrics— Construction of Proviso.

Paragraph 315, Tariff Act July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659], contains a provision for certain rates of duty on "plushes, velvets, velveteens, corduroys, and all pile fabrics, * * * composed of cotton or other vegetable fiber," to which is added

a proviso that "manufactures or articles in any form, * * * made or cut from plushes, velvets, velveteens, corduroys, or other pile fabrics composed of cotton or other vegetable fiber, shall be subject to the foregoing rates of duty and in addition thereto ten per centum ad valorem." *Held*, that this proviso does not refer to any class of pile fabrics not included in the main provision.

**2. SAME—PILE FABRICS OF FLAX.**

*Held*, that certain portières, made from pile fabrics composed in chief value of flax, are not included in the second proviso in paragraph 315, Tariff Act July 24, 1897, c. 11, § 1, Schedule I, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659], relating to "manufactures or articles in any form * * * made or cut from * * * pile fabrics composed of cotton or other vegetable fiber."

Application of J. B. Ryer, Son & Co., importers, for review of the decision of the Board of General Appraisers, which affirmed the assessment of duty by the collector of customs at the port of New York on certain imported merchandise.

The decision of the board, by De Vries, General Appraiser, reads as follows:

The return of the local appraiser described this merchandise as "portières composed of flax and cotton, raised in their manufacture to form a pile, flax the component material of chief value. They were therefore returned for duty as flax pile fabrics, at 60 per cent. ad valorem, under paragraph 342," Tariff Act July 24, 1897, c. 11, § 1, Schedule J, 30 Stat. 181 [U. S. Comp. St. 1901, p. 1663]. They were accordingly assessed for duty by the collector. The protestants claim the articles "dutiable at nine cents per square yard and 35 per cent. ad valorem, if unbleached, and twelve cents per square yard, if bleached, dyed, or colored, or at 47½ per cent. ad valorem, under paragraph 315, Act July 24, 1897," c. 11, § 1, Schedule I, 30 Stat. 178 [U. S. Comp. St. 1901, p. 1659]. No testimony was introduced at the hearing, and the return as to the character of the goods for that reason becomes final. We find the facts herein as returned by the appraiser, recited above.

The question for decision is, are the articles, as found, properly dutiable under the provisions of paragraph 315, as claimed? It is not necessary to decide in this case whether or not they were properly assessed. This question is to be determined largely from the proper interpretation to be placed upon paragraph 315 when read in conjunction with paragraph 342. Paragraph 315 reads:

"(315) Plushes, velvets, velveteens, corduroys, and all pile fabrics, cut or uncut; any of the foregoing composed of cotton or other vegetable fiber, not bleached, dyed, colored, stained, painted, or printed, nine cents per square yard and twenty-five per centum ad valorem; if bleached, dyed, colored, stained, painted, or printed, twelve cents per square yard and twenty-five per centum ad valorem: provided, that corduroys composed of cotton or other vegetable fiber weighing seven ounces or over per square yard, shall pay a duty of eighteen cents per square yard and twenty-five per centum ad valorem: provided further, that manufactures or articles in any form including such as are commonly known as bias dress facings or skirt bindings, made or cut from plushes, velvets, velveteens, corduroys, or other pile fabrics composed of cotton or other vegetable fiber, shall be subject to the foregoing rates of duty and in addition thereto ten per centum ad valorem: provided further, that none of the articles or fabrics provided for in this paragraph shall pay a less rate than forty-seven and one-half per centum ad valorem."

Paragraph 342 reads:

"(342) All pile fabrics of which flax is the component material of chief value, sixty per centum ad valorem."

Reading the purview or body of paragraph 315 down to the first proviso in connection with paragraph 342, we ascertain precisely what merchandise is intended to be covered by the former. Such a comparison shows that, while paragraph 315 prima facie covers all pile fabrics "composed of cotton or other

vegetable fiber," yet, when read in connection with paragraph 342, which covers "all pile fabrics of which flax is the component material of chief value," the latter is found to be the more specific provision for all pile fabrics composed in chief value of flax, excepting such from the provisions of paragraph 315. It requires neither authority, nor more than the suggestion of this comparison, to deduce the indisputable conclusion that the body of paragraph 315 does not extend to or include, as written in the tariff act, any pile fabrics of which flax is the component material of chief value, but does extend to and include all other pile fabrics composed of cotton or other vegetable fiber. The question of the ₃cope of the words "fabrics" and "articles" does not enter into the inquiry thus far. Note Stern v. United States, 98 Fed. 417, 39 C. C. A. 119, and In re Stern, G. A. 4609.

With this ascertainment borne in mind, we proceed to consider the exact import of the several provisos to paragraph 315. In so doing, the cardinal principle of construction and the scope of the provisos to the paragraph must be borne in mind. The general principle has been concisely stated in G. A. 4834, wherein the board said: "The uniform construction of statutes has been that the proviso is limited to the particular paragraph to which it forms a part, unless by the express language thereof the Legislature has provided for a more extended application." The rule was stated by the Supreme Court of the United States in the case of U. S. v. Dickson, 15 Pet., page 165, 10 L. Ed. 689, wherein the court said: "We are led to the general rule of law which has always prevailed, and become consecrated almost as a maxim in the interpretation of statutes, that where the enacting clause is general in its language and objects, and a proviso is afterwards introduced, that proviso is construed strictly, and takes no case out of the enacting clause which does not fall fairly within its terms. In short, a proviso carves out special exceptions only out of the enacting clause, and those who set up any such exception must establish it as being within the words, as well as within the reason thereof." The same principle is enunciated in Endlich on Interpretation of the Statutes, § 186; supported by many authorities, wherein it is said: "Moreover, a proviso is always to be construed with reference to the immediately preceding parts of the clause to which it is attached, and limits only the passage to which it is appended, and not the whole section or act, or at least only the section with which it is incorporated." In the case of U. S. v. J. Allston Newhall & Co. (C. C.) 91 Fed. 529, the Circuit Court for Massachusetts said: "Under the former principle of statutory construction, a proviso is to be strictly construed, and it takes no case out of the enacting clause which does not fall fairly within its terms."

Applying these rules of interpretation to the provisos to paragraph 315, no one of them can be said to apply to pile fabrics of flax chief value, under the general rules of construction, unless there are some express words in the particular proviso that extends it to such fabrics. This is the inevitable conclusion from that reached in the first instance, to wit, that the body of the act does not apply to pile fabrics of flax chief value. The particular proviso invoked in this case is the second one to the paragraph in question There appears to be no language in that paragraph which would seem to extend its scope beyond that of the body of the paragraph preceding it. On the contrary, there appears to be express language in the proviso which limits it to the materials covered by the body of the paragraph. We take it, there can be no question about the third proviso and its effect, inasmuch as by the language thereof it is expressly limited to "articles or fabrics provided for in this paragraph." In determining the exact scope of the second proviso, it will be noted that those parts thereof descriptive of the merchandise to which it is applicable are almost in hæc verba with the similarly descriptive language in the body of the paragraph. Both body and proviso purport to assess duties upon "plushes, velvets, velveteens, corduroys, or other pile fabrics composed of cotton or other vegetable fiber." The proviso extends to articles and manufactures, while the body of the act would seem to extend to fabrics of these materials. But if it is true, as we have seen, that the exact language used in the body of the act, when construed in connection with paragraph 342, does not extend to pile fabrics of flax chief value, we do not think, under the authorities cited, that it can be said that

the proviso which uses the same language as descriptive of the merchandise which it covers extends to a class of fabrics not included within the body of the act. Moreover, it will be observed that there is a uniform arrangement of rates of duty specified in the body of the paragraph, and those rates are increased 10 per centum in the proviso when the fabrics provided for in the body of the act are made into articles or manufactures. The third proviso to the paragraph continues this harmony of arrangement by placing a minimum rate of 47½ per centum ad valorem upon all of the duties levied in the preceding parts of the paragraph. This harmony of arrangement obtains if the construction which we have placed upon the body of the paragraph is correct; but, if it should be held that this proviso extends to articles and manufactures made from pile fabrics of flax chief value, then we introduce the inharmonious provision into the tariff act that pile fabrics made of flax are dutiable at 60 per centum ad valorem, but, when further manufacture is bestowed upon them, and further labor is employed in making them into articles, the rate of duty is thereupon reduced from 60 per centum to 47½ per centum. We cannot hold that such an obviously absurd intent was in the mind of Congress at the time of the enactment of the statute under consideration. Speaking of the interpretation of the various parts of the statute, Sutherland on the Interpretation of Statutes, par. 240, states: "They are to be brought in harmony, if possible, and so construed that no clause, sentence, or word shall be void, superfluous, or insignificant." It is one of the cardinal principles of statutory construction that effect should be given to all parts of a statute, if possible, and that that construction of two possible ones should be adopted which would give effect to all of the provisions of the act under consideration. If, as otherwise appears, paragraph 315 does not extend to pile fabrics or articles of flax chief value, then the harmonious construction can be placed upon the provisions as written. In our opinion, the provisions of paragraph 315 of the act in question do not extend to pile fabrics or articles composed in chief value of flax. The protest, being based upon the assumption that such articles are included within the provisions of that paragraph, is overruled.

W. Wickham Smith, for importers.
Charles D. Baker, Asst. U. S. Atty.

At the close of the argument the court (PLATT, District Judge) affirmed the decision of the board, without opinion.